## Pond *qui tam vs.* Sage.

An inhabitant of a town is a competent witness in a suit, brought to recover a penalty, although part of the penalty, if recovered be payable to the treasury of such town—clearly, if such inhabitant is not liable to pay taxes to such town.

*Bennington*
July.
1814.

THIS was an action brought on the statute, against Sage, for transporting a pauper into the town of Readsborough, with an intent to make the town of Readsborough chargeable with the maintenance of the pauper, to recover the penalty given by statute, one half for the prosecutor, and the other half for the town of Readsborough.

On trial to the jury, at the last term, Joseph Hartwell, an inhabitant of Readsborough, was produced as a witness on the part of the plaintiff. The counsel for the defendant, objected to the admission of the witness, on the ground, that the town of Readsborough was entitled to a meiety of the penalty, if recovered, and that Joseph Hartwell, being an inhabitant of Readsborough, was interested in the event of the suit, and therefore an incompetent witness. The objection was overruled by the Court, and the plaintiff obtained a verdict, Hartwell being a principal witness on his part. A motion was made by the counsel for the defendant, for a new trial, on the ground that Hartwell was an incompetent witness, and illegally admitted.

The motion was continued to this term, and came on to be heard on the statement of judge Fay, one of the judges, who tried the

cause. He stated the case as above, and added, that, although Hartwell was an inhabitant of Readsborough, yet he was not liable. to be rated, or to pay taxes to said town,

*Young* and *Fay*, in support of the motion, contended that Hartwell, being an inhabitant of Readsborough, was an incompetent witness in the case, whether liable to pay taxes in the town or not ; that the action, being brought, as well in behalf of the town, as in behalf of Pond, the prosecutor, the town, and consequently, all the inhabitants of the town, are in fact plaintiff's—parties to the suit, and no party to a suit can be admitted as a witness.

*Langdon* and *Skinner*, for the plaintiff. A town being a public corporation, the inhabitants, members of the corporation, are competent witnesses, in any matter relating to the town in its public capacity, Swift's Evidence, 506. But it is unnecessary to decide that question in this case, for it has always been holden at common law, that parishioners, not liable to be taxed for the support of the poor, were competent witnesses in pauper causes, for or against the parish, of which they were inhabitants.—Gilbert's Evidence, 243. And in the present case, it appears, that Hartwell, the witness, was not liable to be taxed in the town of Readsborough.

The opinion of the Court was delivered by

CHIPMAN, Ch. J. It is a point clearly settled, that members of a private corporation cannot be witnesses, in questions relating to the rights of such corporation ; but, as it relates to public corporations, the question seems not to be so well settled. In England, those corporations, which may be called public corporations, such as cities, boroughs &c. have, for the most part, some distinct rights, which, as to such corporations, are in the nature of private rights. In the exercise of such rights, they are to be considered, as private corporations. But these corporations have powers, which are in fact a portion of the public government of the kingdom, which they exercise with local, and other limitations. They have also certain powers of self government ; such as the power of making by laws for the government of their own members, and of carrying them into effect, by penalties, and by prosecutions in the Courts of the corporation. In this respect, their situation is different from that of a private corporation. In prosecutions under such by laws to recover a penalty to the use of such corporations, there is no

*Bennington*
July.
1814.

Pond
*vs.*
Sage.

more reason why the members of such corporation, should, on account of their interest, be considered as incompetent witnesses, than there is, that the citizens of this state, in a prosecution to recover a penalty, to the use of the State, should be considered as incompetent witnesses, on account of their interest.    In such cases, the difficulty seems to arise for want of a clear distinction between public and private interests ; they are often so blended, that it is difficult to mark the precise line which divides them.

In this State, towns are not only public corporations, but are, in a good degree, constituent parts of the great body politic ; and are entrusted, each within its own limits, with many functions of the public government.    Taken in this view, I should be strongly inclined to, admit the members of town corporations as witnesses, agreeably to the rule laid down by Swift.    But, in the present case, it is not necessary to decide this question ; for as Hartwell, the witness, although an inhabitant of Readsborough, was not liable to pay taxes to the town, the Court are unanimously of opinion, that, by the settled rules of the common law, he was a competent witness, there must therefore be

Judgment on the Verdict.

See the following act, passed the second day of November, 1816, by which it is enacted, " That, hereafter, when any cause shall be pending before any Court in this State, wherein a co  nty, town, city, borough, parish or school district, is a party, or interested, the inhabitants of such county, town, city, borough or shool district, (who are not otherwise disqualified,) shall be admitted as competent witnssees, *in* such case, any law or usage to the contrary notwithstanding."